# ST. PAUL FIRE INSURANCE COMPANY

## *v.*

# SCHOONER "ERNESTINA."

---

San Juan, Admiralty, No. 1242.

### GENERAL AVERAGE UNDER THE HARTER ACT.

Shipping—Act of God—Jettison.

Jettison was not abolished by the Harter Act. While a ship would not be liable for goods thrown overboard by the act of God, the master cannot sacrifice the cargo in order to save a vessel without rendering it liable for general average. This is an act of man, not the act of God.

Opinion filed September 17, 1918.

---

*Mr. H. C. Molina* for libellant.

*Mr. Frank Antonsanti* for claimant.

HAMILTON, Judge, delivered the following opinion:

The facts in the case are sufficiently set out in connection

with opinion previously rendered.   The case is now submitted
after hearing on the merits, in which there was little dispute
as to the facts.   If the schooner is liable for general average,
the decree would follow the libel in the case.   Before the Harter
Act, the schooner would unquestionably have been liable in
general average for the jettison of the goods thrown overboard
by the master in order to save the ship and cargo.   This was
done in consequence of a storm, and no question is made that
the occasion called for it.   The only question is, Does the jetti-
son come within the terms of the Harter Act?

The proper interpretation of the act is that when the owners
furnish a seaworthy vessel, properly manned and equipped,
they are not liable for negligence of the master, nor amongst
other things for act of God or perils of the sea occurring after
the vessel leaves port.   There can be no question that the storm
which broke over the vessel was either an act of God or a peril
of the sea, or perhaps both.   The jettison of the cargo was prop-
erly had by the master in consequence of this act of God or
peril of the sea, and it is argued by the defendant that it is
therefore to be considered as so connected with the act of God
or peril of the sea as to be one with it in legal effect.   If it had
been possible for the sea to sweep through the hatches and wash
overboard all the cargo, the ship would not have been liable.
Is it therefore liable if, to meet perhaps the same force, that
is to say, the act of God or the same peril of the sea, the master
throws the same goods overboard?   So far as can be found there
is no authority on this subject.   It must be decided upon
principle.   If the contention of the defendant is right, then the
captain of the ship may, in order to save his ship, throw over-
board all the cargo which he has obligated the ship to carry,

St. Paul Fire Insurance Co. v. Schooner "Ernestina."

and thus sacrifice his customers and save his own property. In other words, he may save himself at the expense of the people who have contracted with him and trusted their property to him. A construction which would bring about this result is certainly not to be favored. Nor does it seem necessary. While the jettison was the result of an act of God, it was in point of fact the act of man, one man trying according to his duty in the premises to save the bulk of the property by sacrificing a part of it. As said in another connection in a previous opinion, it is not to be supposed that so old and so salutary a principle as that of general average was meant to be destroyed incidentally by this act of Congress without special mention. The ill effects of a contrary interpretation, as set out above, tend to show the correctness of the conclusion arrived at.

The authorities referred to on the argument were of those where bills of lading were given by the ship, practically waiving the rights of the Harter Act. In the case at bar it is not clear whether all the property was received under bills of lading or not, but one in evidence contains the usual exception of act of God. "Obligo, llevándome Dios en buen salvamento con dicho buque?" In other words, the saving as to act of God applies whether the Harter Act covers the case or not, and so need not be further discussed. The case at bar is not one of the act of God, but the act of man.

It follows that the ship was liable for general average, and a decree will be entered in accordance with the general average made a part of the libel.

It is so ordered.